UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **KIMBERLY PETERSON RABUN** | **CIVIL ACTION NO. 12-2482** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **GENERAL MOTORS, LLC, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion for leave to file a supplemental petition [doc. # 23] filed by Plaintiff Kimberly Peterson Rabun. The motion is opposed. For reasons assigned below, the motion is DENIED.[1]

**Background**

On June 8, 2012, Kimberly Peterson Rabun filed the instant suit for damages in the 4th Judicial District Court for the Parish of Morehouse, State of Louisiana against General Motors LLC ("GM") and Ryan Chevrolet, Inc. ("Ryan") for damages that she sustained on or about June 20, 2011, when the struts holding the rear lift gate of her new Chevy Tahoe gave way, causing the lift gate to fall and strike her. (Petition). On August 23, 2012, Rabun amended her petition to, among other things, dismiss Ryan, and to invoke the doctrine of *res ipsa loquitur*. (Amend. & Suppl. Petition for Damages). On September 17, 2012, GM removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal).

---

[1] As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

On December 13, 2012, the court set a February 22, 2013, deadline to amend pleadings. (Dec. 13, 2012, Sched. Order [doc. # 8]). On May 30, 2013, GM filed a motion for summary judgment seeking dismissal of Plaintiff's complaint on the basis that she is unable to meet her burden of proof. (Def. MSJ [doc. # 17]). On June 26, 2013, Plaintiff filed her opposition to the motion for summary judgment. (Pl. Opp. Memo. [doc. # 21]). She urged the court to deny the motion on the grounds of *res ipsa loquitur* and/or via an adverse inference warranted by GM's failure to preserve the lift gate struts. *Id*.

On July 3, 2013, Plaintiff filed the instant motion for leave of court to amend her petition to add a cause of action for spoliation of evidence. (M/Leave [doc. # 23]). GM filed its opposition to the motion on July 11, 2013. (Def. Opp. Memo. [doc. # 26]). Plaintiff did not seek leave to file a reply within the applicable delays. Thus, the matter is ripe.

## Analysis

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend shall be "freely" granted "when justice so requires." Fed.R.Civ.P. 15(a)(2). However, where, as here, amendment is sought after expiration of a court's scheduling order deadline, Rule 15(a)'s liberal standard does not apply unless, and until the party seeking leave first satisfies the more demanding requirements of Rule 16(b). *See Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (citation omitted).

I. **Diligence and Good Cause under Rule 16(b)**

Rule 16(b) provides that, once issued, "a schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). To obtain an extension of a scheduling

deadline, the requesting party must demonstrate that, despite its diligence, it cannot reasonably meet the deadline. *Fahim, supra* (citations omitted). The four factors relevant to good cause include, (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id*. (citations and internal quotation marks omitted).

  a) <u>Explanation for Failure to Timely Seek Leave to Amend</u>

According to the proposed pleading, Plaintiff alleges that on June 27, 2011, she contacted GM to report that she was injured by the collapse of the rear lift gate of her 2011 Chevrolet Tahoe. (Prop. 2nd Suppl. Pet.; M/Leave to Amend). Thereafter, GM generated a Service Request Detail to document her complaint. *Id*. Cason Key, a Ryan Service Advisor testified that pursuant to GM protocol, the subject rear lift gate struts were tagged and stored for 15 days, during which time GM had the opportunity to inspect the subject struts and/or notify Ryan to preserve the struts. *Id*. Plaintiff contends that despite GM's knowledge of reasonably foreseeable litigation, it failed to take steps to preserve the struts, thus allowing evidence to be destroyed and/or discarded. *Id*.

Plaintiff's counsel represents that in Plaintiff's first discovery request, she asked GM to produce any and all statements made by Plaintiff regarding the subject incident. (M/Leave to Amend, pgs. 2-3). GM told her, however, that it had not taken any statements. *Id*. Plaintiff's counsel maintains that it was not until GM finally disclosed the existence of the Service Request on June 18, 2013, that she first obtained evidence that GM had knowledge of her injuries before the struts were destroyed.

3

Given these circumstances, the court finds that Plaintiff has provided a creditable explanation for her failure to meet the deadline to amend pleadings.

b) <u>Importance of the Amendment</u>

Nonetheless, Plaintiff's motion fails to explain the importance of the proposed amendment. While Plaintiff perhaps thinks the importance of the proposed amendment is self-evident, the court reiterates that she already has petitioned the court to sanction GM via an adverse inference as a result of its alleged culpable failure to preserve the lift gate struts. *See* Opp. Memo., pgs. 8-10.[2] Thus, without further elaboration by Plaintiff, the court is unable to discern the importance of an amendment to add a redundant and/or superfluous cause of action for spoliation of evidence.[3]

c-d) <u>Potential Prejudice and the Availability of a Continuance</u>

The court finds that GM would not be materially prejudiced by the late amendment. As discussed above, GM shares responsibility for the timing of the instant motion.

---

[2] The court is authorized to enter an appropriate sanction pursuant to its inherent authority or Federal Rule of Civil Procedure 37(b). *See Pressey v. Patterson*, 898 F.2d 1018, 1020 (5th Cir. 1990) (discussing possible sources for the court's authority); *see also Anderson v. Prod. Mgmt. Corp.*, Civ. Action No. 98-2234, 2000 WL 492095 (E.D. La. Apr. 25, 2000) (recognized that a court may employ the sanction of an adverse evidentiary inference when a party suppresses evidence through spoliation).

[3] To support her prospective cause of action for spoliation under Louisiana tort law, Plaintiff must demonstrate the "intentional destruction of evidence carried out for the purpose of depriving an opposing party of its use." *Burge v. St. Tammany Parish*, 336 F.3d 363, 374 (5th Cir. 2003) (citation omitted). There is no indication that the burden of proof for the tort of spoliation is any less stringent than the showing required for an adverse evidentiary inference. *See Espana v. Pioneer Well Servs., L.L.C.*, Civil Action No. 11-01443, 2012 WL 5879760 (W.D. La. Nov. 21, 2012) (equating the burdens of proof).

4

Upon consideration of the pertinent Rule 16(b) factors, the court finds that although Plaintiff has acted diligently in seeking leave to amend, she has not demonstrated good cause for the proposed amendment. As explained above, the necessity of the amendment is not apparent. The proposed cause of action appears to mimic the relief that she already requested in her opposition to the motion for summary judgment. Thus, at this stage, the amendment simply would retard the progress of these proceedings, necessitate a responsive pleading by Defendant, require the possible supplementation of the existing dispositive motion record (which otherwise is fully briefed and ripe), and thereby potentially cause the court to upset the existing trial deadlines. In short, the illusory benefit of Plaintiff's proposed amendment is substantially outweighed by the costs it would impose on the timely progression of this case.

## Conclusion

For the foregoing reasons, Plaintiff's motion for leave to file a supplemental petition [doc. # 23] is DENIED.

IT IS SO ORDERED.

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 24th day of July 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE